No. 89-620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DANIEL DEBAR, THOMAS V. HORNUNG
and JOHN S. KOCHEL,

     Plaintiffs and Appellants,

-v-

TRUSTEES, YELLOWSTONE COUNTY ELEMENTARY
SCHOOL DISTRICT NO. 2 and HIGH SCHOOL
DISTRICT NO. 2,

     Defendants and Respondents.

'90 SEP 5 PM 12 37

FILED

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

       Emilie Loring; Hilley & Loring; Missoula, Montana

    For Respondent:

       Laurence Martin; Felt & Martin; Billings, Montana

Submitted on Briefs:  July 13, 1990

Decided:  September 5, 1990

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Three school teachers brought this action for monetary relief after being suspended without pay for 2 1/2 days. The District Court for the Thirteenth Judicial District, Yellowstone County, granted summary judgment in favor of the defendants. Plaintiffs appeal. We affirm.

The sole issue for our review is whether the District Court erred in granting summary judgment?

The facts in this case are simple and uncontested. Plaintiffs, three teachers (teachers), were seen drinking alcoholic beverages on the school bus on their way home from a mandatory staff-only field trip to Custer Battlefield. The drinking incident was reported to the building principal. The teachers admitted to drinking on the bus and the matter was referred to the School District's central personnel administrators.

The administrators interviewed the teachers individually in separate meetings. At the end of each meeting, each teacher was informed that he was suspended pending further notice.

The next day, the teachers were notified that they were being suspended for 2 1/2 days without pay. School Board members were not involved in the decision.

After filing a grievance which was not arbitrated, and a petition in District Court for a writ of mandate which was denied, the teachers filed the present action as a wage claim, seeking wages for the 2 1/2 days salary that had been lost, plus statutory penalties and attorney fees under the Wage Protection Act.

Concluding that the School District was immune under § 2-9-111, MCA; that § 20-4-207, MCA, does not apply to temporary suspensions; and that no wage claim existed; the District Court granted the School District's motion for summary judgment and dismissed the case on its merits. From that decision, the teachers appeal.

Did the District Court err in granting summary judgment?

The teachers maintain that as teachers under contract with the School District, they may not be suspended without pay in the absence of action by the school board and compliance with the statutory requirements of § 20-4-207, MCA. In so contending, they argue that they were entitled to written notice and a hearing before they could be suspended.

The School District contends that because it is immune under § 2-9-111, MCA, this Court need not consider the merits of the case. It further maintains that § 20-4-207, MCA, is inapplicable to short-term suspensions. It urges that the statute only applies to dismissals, and a "suspension" is not a "dismissal". The School District claims that the power to suspend is not a statutory power, but rather it is derived from the power to manage.

The question of whether a temporary suspension is governed by § 20-4-207, MCA, is a question of first impression in Montana. Section 20-4-207, MCA, provides (in part) as follows:

> **Dismissal of teacher under contract.** (1) The trustees of any district may dismiss a teacher before the expiration of his employment contract for immorality, unfitness, incompetence, or violation of the adopted policies of such trustees.
>
> (2) (a) The following persons may recommend the dismissal of a teacher for cause under subsection (1):

3

> (i) a district superintendent;
> (ii) in a district without a district superintendent, a principal; . . .
> . . .
> (b) A person listed in subsection (2)(a) who recommends dismissal of a teacher shall give notice of the recommendation in writing to each trustee of the district and to the teacher.
> (c) The notice must state the specific instances of behavior or acts that led to the recommendation for dismissal.
> (3) (a) . . . the trustees shall notify the teacher of his right to a hearing before the trustees either by certified letter or by personal notification for which a signed receipt must be returned.

The District Court differentiated between "dismissals" and "temporary suspensions". It concluded that while the above statute explicitly deals with permanent dismissals, there is nothing to suggest any legislative intent that it apply to temporary suspensions. Therefore, the lower court held that "it is not a violation of that statute for a short-term disciplinary suspension to be imposed by school district central administrative personnel, without Board action." We agree with the conclusion of the District Court. We hold that 2 1/2 day disciplinary suspensions imposed by administrative personnel do not constitute dismissals which come under the provisions of § 20-4-207, MCA.

The District Court further concluded that temporary suspensions are issues covered by the collective bargaining agreement which should be pursued through the contractual grievance/arbitration process provided in that agreement. The District Court then concluded that issues surrounding short-term disciplinary suspensions are grievable issues under the collective bargaining agreement, and therefore were not proper for

4

consideration by the District Court. We agree with that conclusion.

We point out that the teachers filed this claim under the Wage Protection Act, §§ 39-3-201, MCA, et seq, claiming a statutory penalty and attorney fees. In Julian v. Montana State Univ. (1987), 229 Mont. 362, 747 P.2d 196, this Court ruled that where no labor is performed, no claim for wages existed under the Montana Wage Protection Act. In the present case, the plaintiffs did not perform any work during the 2 1/2 days of suspension. As a result the District Court concluded that the claim for compensation did not qualify as a wage claim. We affirm that conclusion.

We do not find it necessary to discuss the immunity aspect of the case. We hold that the District Court correctly granted summary judgment for the defendants.

_____
                                        Justice

We Concur:

_____

_____

_____

_____
                Justices

5